UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINESON CURTIS ADAMS, | No. 2:25-cv-02013-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CDCR OFFICIALS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a motion to proceed in forma pauperis (ECF No. 2), a motion to expedite (ECF No. 9) and a motion seeking miscellaneous relief (ECF No. 10).  For the reasons that follow, plaintiff's motion to proceed in forma pauperis will be granted, the additional motions will be denied, and the complaint will be dismissed with leave to amend.

Motion to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

1

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios."  *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

2

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed. A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). In addition, a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Plaintiff alleges two claims for relief. In the first claim, he alleges that citizens of Mexico City, the government, and an unidentified cartel are poisoning plaintiff's food because he "won the war on drugs." ECF No. 1 at 3. Plaintiff further alleges that he believes he is being electrocuted while he sleeps because he hears a vibrating noise, he feels that "some staff committed a sex crime against me," and he was wrongly sent to prison based on "falsified papers." *Id.* Plaintiff describes no specific event or defendant.

In his second claim, plaintiff alleges that "multiple entitles" are "performing acts of violence" against plaintiff due to a business transaction undertaken over the phone prior to plaintiff's incarceration. *Id.* at 4. Again, plaintiff describes no specific incident or defendant.

////

3

Plaintiff's extravagant allegations are delusional and, as currently drafted, frivolous.  They also violate Rule 8 by failing to put any defendant on notice of the claims alleged against him or her.

In an abundance of caution, plaintiff will be given an opportunity to amend his complaint to cure the deficiencies.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

////

4

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of statements which have no bearing on his legal claims and, to the extent possible, simply provide the facts of the incidents of which he complains (i.e., when the incident happened, who was involved, and how the incident unfolded).

### Miscellaneous Motions

Plaintiff has filed two miscellaneous motions. ECF Nos. 9, 10. In the first, he requests to expedite the case. ECF No. 9. Because plaintiff has not stated a viable claim for relief, the motion to expedite will be denied. The second motion (captioned "Request for Video Footage" by the docketing clerk) is incoherent and will be denied for that reason. ECF No. 10.

### Conclusion

Accordingly, IT IS ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff's motions at ECF Nos. 9 and 10 are DENIED;

3.  Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

4.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

5.  Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: March 13, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5